**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| GONZALES CALLOWAY, Plaintiff, | ) | |
| v. | ) | Civil Action No.: 04-239 (RBW) |
| LES BROWNLEE, SECRETARY OF THE ARMY, Defendant. | ) | |

**MEMORANDUM OPINION**

This matter comes before the Court on the Plaintiff's Motion for Attorney's Fees pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412 (2000) ("EAJA").[1] For the reasons set forth below, the Court denies the plaintiff's motion.

## I. Background

### (A) Factual Background

The facts of this case have been exhaustively discussed in this Court's prior Memorandum Opinion, Calloway v. Brownlee, 366 F. Supp. 2d 43, 47-49 (D.D.C. 2005), and will only briefly be reviewed here to the extent necessary to resolve the pending motion.

In 1974, the plaintiff enlisted in the United States Army as an active duty member.

[1] The following papers have been submitted to the Court in connection with the motion: (1) the Plaintiff's Memorandum of Points and Authorities in Support of Motion for Attorney's Fees ("Pl.'s Mem."); (2) the Defendant's Opposition to Plaintiff's Application for Attorney's Fees ("Def.'s Opp'n"); and (3) the Plaintiff's Reply to the Defendant's Opposition to Motion for Attorney's Fees ("Pl.'s Reply").

Initially, the plaintiff trained as an automated data specialist; however, in October 1983, the plaintiff became an Army recruiting specialist. Amended Compliant for Declaratory Relief ("Compl.") at 1-2. Although the plaintiff received several awards and accolades throughout his career, he alleged that once Captain Latham became his supervisor and performance evaluator, his scores in his Noncommissioned Officer Evaluation Reports ("NCOER") began to decline.[2] Id. ¶¶ 7-15. For example, the plaintiff noted that Captain Latham awarded him only two "excellence marks" and three "success marks" in the NCOER for the period of August 1993 through August 1994,[3] despite having received five "excellence marks" in his prior NCOER. Id. ¶ 16. Following this 1994 NCOER, the plaintiff was assigned to another battalion. Id. ¶ 26. The plaintiff opines that his 1994 NCOER should have been classified as a "relief-for-cause" NCOER,[4] which would have provided him the opportunity to receive formal counseling, time to react to the report, and an explanation of the reasons for his removal, because it formed the basis for his transfer to another battalion. Id. ¶¶ 20-25. Thus, according to the plaintiff, the Army failed to comply with its own regulations. Id. ¶¶ 29-30. In November 1994, the plaintiff's new supervisor issued another NCOER regarding the plaintiff. Id. According to the plaintiff, his new

---

[2] The evaluation of noncommissioned officers is governed by Army Regulation 623-205 (April 30, 1992), which establishes the Noncommissioned Officer Evaluation Reporting System. The regulation provides for the "preparation, processing, [and] submi[ssion]" of performance evaluation reports. Army Reg. 623-205 § 1-5(a)(2). The information contained in these reports is one factor used as the basis for making personnel decisions. Id.

[3] The 1994 NCOER was classified as a "change-of-rater." A "change-of-rater" NCOER occurs if either the rater or the noncommissioned officer is reassigned, released from active duty, or if the rater dies, is relieved, reduced, AWOL, declared missing, or becomes incapacitated. Army Reg. 623-205, supra note 2, at § 2-8(a)(1)-(5).

[4] A"relief-for-cause" NCOER constitutes a removal of a noncommissioned officer from a rateable assignment based on a decision by a member of the noncommissioned officer's chain of command or supervisory chain that the noncommissioned officer's personal or professional characteristics, conduct, behavior, or performance of duty warrant removal in the best interest of the Army. Army Reg. 623-205, supra note 2, at § 2-10.

supervisor, in order to take credit for the plaintiff's successes, recommended that the plaintiff be relieved of his duties. Id. ¶¶ 27-28. However, the plaintiff again asserts that a "relief-for-cause" NCOER was not issued, although such a NCOER should have been issued. Id. ¶¶ 29-30.

In January 1997, after the plaintiff was not selected for a promotion, he filed an appeal with the Enlisted Special Review Board ("ESRB") seeking removal from his record the NCOER for the period of August 1993 through January 1994 and the NCOER issued in November 1994. Id. ¶ ¶ 33-37. The ESRB denied the plaintiff's request, and the plaintiff subsequently appealed the denial to the Army Board for Correction of Military Record ("ABCMR"), which also denied his request. Id. ¶¶ 35-37. On February 13, 2004, the plaintiff commenced this action.

**(B) This Court's Prior Opinion**

In this action, the plaintiff challenged the ABCMR's decision to deny his request to have the two contested NCOERs "removed from his personnel file or otherwise corrected to reflect his true work performance." Calloway, 366 F. Supp. 2d at 45. The defendant moved for dismissal of this matter or alternatively requested summary judgement, and the plaintiff filed a cross-motion for summary judgment. Id. The Court denied both government motions and granted, in part, the plaintiff's cross-motion for summary judgement. Id.

The Court rendered its rulings for the following reasons. First, this Court found, despite the defendant's argument to the contrary, that the Little Tucker Act, 28 U.S.C. § 1346 (2000), did not prevent this Court from exercising subject matter jurisdiction to adjudicate this case since the plaintiff was not seeking monetary relief in excess of $10,000. Calloway, 366 F. Supp. 2d at 50-53. The defendant also asserted that he was entitled to summary judgment because the administrative record clearly showed that the agency carefully considered the claims advanced by

the plaintiff, and thus, he did not violate the "arbitrary and capricious" standard of the Administrative Procedure Act ("APA"), 5 U.S.C. § 706(2)(a)(2000). Id. at 54. The plaintiff, on the other hand, asserted, among other arguments, that the ABCMR's actions were "arbitrary and capricious" because it failed to consider the plaintiff's claim that the two contested NCOERs were improperly classified. Id. After a careful review of the administrative record and the papers submitted to it by the parties, this Court held that even though it was not "explicitly clear" that the plaintiff was contending that his NCOERs were improperly classified, "there [was] some evidence in the record to suggest" that this argument had been raised. Id. at 54-55. Moreover, because the plaintiff was proceeding pro se at the agency level, this Court took great pains to ensure that his rights were protected from "the consequences of technical errors." Id. at 54-55. Thus, because the improper classification argument had not been reviewed by the ABCMR, the Court remanded the case to the ABCMR to address the argument in the first instance. Id. at 56.

## II. Legal Analysis

The plaintiff now seeks attorney's fees under the EAJA. The EAJA provides that

> a court shall award to a prevailing party other than the United States fees and other expenses . . . incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of an agency action, brought by or against the United states in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412 (d)(1)(A). Thus, to award attorney's fees under the EAJA, the Court must find that (1) the plaintiff is a "prevailing party;" (2) the government was not "substantially justified" in the position it took; and (3) the attorney's fees request is reasonable. United States v. Wade, 255 F.3d 833, 836-37 (D.C. Cir. 2001). It is the prevailing party's burden to establish that it is a

"prevailing party" within the meaning of the EAJA. Turner v. District of Columbia Bd. of Elections and Ethics, 354 F.3d 890, 895 (D.C. Cir. 2004). Once this is established, the burden then shifts to the defendant to establish that its position was "substantially justified" or that special circumstances make the award unjust. Taucher v. Brown-Hruska, 396 F.3d 1168, 1173 (D.C. Cir. 2005). Finally, if the defendant satisfies his obligation, the burden shifts back to the plaintiff to establish that the fees requested are reasonable. Turner, 354 F.3d at 895.

Here, the plaintiff contends that he was a "prevailing party" within the meaning of the EAJA and that the government's positions in the litigation before this Court were not "substantially justified." Pl.'s Mem. at 1. The defendant, on the other hand, opposes the attorney's fees request, arguing that the plaintiff was not a "prevailing party" within the meaning of the EAJA. Def.'s Opp'n at 1-2. Specifically, the defendant opines that the plaintiff is not a "prevailing party" because the Court merely remanded the case to the ABCMR to address, in the first instance, the plaintiff's improper classification argument or explain why it failed to do so. Def.'s Opp'n at 2-3. Additionally, the defendant asserts that even if the plaintiff was a "prevailing party," the government's failure to address the plaintiff's improper classification argument was "substantially justified" because the plaintiff failed to clearly raise the argument at the agency level. Def.'s Opp'n at 9-10. In support of its position, the government notes that "[t]his Court recognized the justification for the government's position, noting 'it is easy to see why defendant would make this argument (that the issue was not raised administratively) as neither the ABCMR or the ESRB addresses the issue.'" Id. Finally, the defendant contends that even if attorney's fees are awarded, the plaintiff's request is excessive and should be reduced accordingly. Id. at 1.

For the reasons that follow, the Court concludes that it is clear that the defendant was "substantially justified" in advancing his positions. Thus, because the plaintiff has failed to satisfy the second prong of the EAJA test, the Court need not address the defendant's alternative positions.

**(A) Was the Government's Position Substantially Justified?**

The EAJA instructs a court to award attorney's fees "unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412 (d)(1)(A). "The Government has the burden of proving that its position, including both the underlying agency action and the arguments defending that action in court, was 'substantially justified' within the meaning of the Act." Halverson v. Slater, 206 F.3d 1205, 1208 (D.C. Cir. 2000). It is important to note that an earlier ruling by a court that an agency's actions were arbitrary and capricious "does not preclude the Government from demonstrating that [its] actions and its conduct in litigation were 'substantially justified.'" Wilkett v. ICC, 844 F.2d 867, 871 (D.C. Cir. 1988); see FEC v. Rose, 806 F.2d 1081, 1087 (D.C. Cir. 1986) ("[A] finding in the merits phase that the Government's underlying action was 'arbitrary and capricious' . . . does not compel an award of [attorney's] fees."). Rather, as the Supreme Court has noted, the government's position is "substantially justified" where it is "'justified in substance or in the main' – that is justified to a degree that could satisfy a reasonable person. That is no different from . . . [having a] 'reasonable basis in both law and fact . . . .'" Pierce v. Underwood, 487 U.S. 552, 565 (1988) (citations omitted). Moreover, the Supreme Court in Pierce stated that "a position can be justified even though it is not correct, and we believe it can be substantially . . . justified if a reasonable person could think it correct, that is,

if it has a reasonable basis in [both] law and fact." Id. at 566 n.2. As the District of Columbia Circuit has noted, the "reasonableness inquiry 'may not be collapsed into [an] antecedent evaluation of the merits, for EAJA sets out a distinct legal standard.'" Taucher, 396 F.3d at 1173. It is well settled that the government's position may be "substantially justified" even if it had acted "arbitrarily and capriciously because it failed to provide an adequate explanation or failed to consider some relevant factor in reaching a decision . . . ." F.J. Vollmer Co. v. Magaw, 102 F.3d 591, 596 (D.C. Cir. 1996); see Rose, 806 F.2d at 1089-90; Lake Pilots Ass'n v. United States Coast Guard, 310 F. Supp. 2d 333, 339 (D.D.C. 2004). Additionally, the Circuit Court in Rose noted that the government's decision concerning the relevance of a factor "may reflect a judgement call about which reasonable grounds for disagreement exist." 806 F.2d at 1088. The Circuit Court added that the government's "failure to consider a relevant factor may be understandable, even though the failure contravenes the . . . standard of avoiding 'arbitrary and capricious' conduct." Id. Finally, the Court reasoned that the government's "neglect of a relevant factor . . . does not invariably doom the decision itself to the ranks of unreasonableness, as it is clear from the oft-stated principle that an agency may lawfully reach the same conclusion after taking the omitted factor into account." Id.; see, e.g., City of Charlottesville v. FERC, 774 F.2d 1205, 1212-13 (D.C. Cir. 1985) (concluding that once the case was remanded because the government failed to consider a relevant factor, the government did not "exceed the scope of the remand by reaffirming its decision on different grounds" after it had considered the relevant factor in question). Of course, if the government failed to consider a relevant factor or inadequately explained its decision, the government's position will not always be "substantially justified." Rose, 806 F. 2d at 1089. For example, the government's position is not "substantially

justified" where it disparately treats "two similarly situated parties." Id.

1. The Government's Summary Judgement Arguments

The plaintiff contends that the arguments put forth in the defendant's summary judgement motion were not "substantially justified," and thus he is entitled to an award of attorney's fees for the expenses incurred responding to those arguments. Pl.'s Mem. at 1 . Specifically, the plaintiff opines that given that he proceeded pro se at the agency level, the agency should have taken great pains to ensure that all of his claims were addressed. Pl.'s Reply at 8. Moreover, the plaintiff notes that because he was able to overcome the highly deferential standard this Court was required to employ when reviewing challenges to decisions made by the ABCMR, this alone demonstrates that the government was not "substantially justified" in its position not to address the plaintiff's argument that his NCOERs were improperly classified "change-of-rater" NCOERs, as opposed to "relief-for-cause" NCOERs. Pl.'s Reply at 8-9.

In its earlier opinion, this Court held that the government had acted "arbitrarily and capriciously" when it failed to address the plaintiff's argument that his two contested NCOERs were improperly classified. Calloway, 366 F. Supp. 2d at 53-56. However, even though the Court found some evidence in the record that the plaintiff had raised the argument at the agency level, the Court explained that it was not "explicitly clear" that the issue was actually raised. Id. at 54. Nonetheless, because there was some evidence in the record that the argument was raised at the agency level, although the agency did not address it, the Court, relying on Frizelle v. Slater, 111 F.3d 172, 177 (D.C. Cir. 1997) and Mudd v. Caldera, 26 F. Supp. 2d 113, 123 (D.D.C. 1998), concluded that it was compelled to find the agency decision "arbitrary and capricious." Id. at 53-56. Thus, the basis for this Court's holding, and remand back to the agency, was the

agency's failure to address a potentially relevant factor in its analysis. As previously noted, such a finding does not mandate a conclusion that the government's position was not "substantially justified." Wilkett, 844 F.2d at 871. As this Court noted in its earlier opinion, the plaintiff's argument that his NCOERs were improperly classified was not clearly raised at the agency level. Id. at 55. Accordingly, this Court cannot conclude that the government's failure to address the plaintiff's argument was not "substantially justified." While this Court recognizes that certain "'inadequate explanation' and 'failure to consider a relevant factor' cases may so obviously defy the requirements of the APA as to compel a finding that the underlying agency action was not 'substantially justified' under the EAJA," Rose, 806 F.2d at 1089, such is not the case here. In this case, the Court, according the plaintiff the benefit of the doubt because he did not have legal counsel when this matter was before the agency, found that there was some evidence in the record, in the form of obscure phrases buried in the interior of various papers submitted to the defendant at the agency level, that plausibly raised the issue below. Calloway, 366 F. Supp. 2d at 54-55. On the other hand, the government's position advanced in the proceedings before this Court was also reasonable and "substantially justified" since "it was easy to see why the [government]" would argue "that the issue was not raised at the agency level." Id. at 55. And this conclusion is supported by the ESRB's and the ABCMR's decisions to focus entirely on the plaintiff's claim that the two contested NCOERs should be removed from his record. Id.

The plaintiff also claims that the government's position in this litigation was not "substantially justified" because the plaintiff overcame the highly deferential standard of review that must be accorded to ABCMR decisions. Pl.'s Reply at 8-9. The plaintiff posits that the deference given in a case of this nature is even greater than the deference given to other

challenges to agency action under the APA. Id. The plaintiff alleges that "once a successful litigant pierces the wall of the unusually deferential review, showing unreasonableness is generally a downhill reconstruction of the Court's merits analysis." Id. As this Court explained above, however, an earlier ruling by a court that an agency's actions were arbitrary and capricious "does not preclude the Government from demonstrating that [its] actions . . . were substantially justified," Wilkett, 844 F.2d at 871, and "the reasonableness inquiry 'may not be collapsed into [an] antecedent evaluation of the merits, for EAJA sets out a distinct legal standard.'" Taucher, 396 F.3d at 1173. Here, while this Court concluded that the defendant's actions were "arbitrary and capricious" because he did not address the plaintiff's argument that the two contested NCOERs were improperly classified when the case was before the agency, his position was still "substantially justified" within the context of the standard applicable to the EAJA since it was not absolutely clear that the plaintiff had raised the argument at the agency level. Accordingly, the government's position taken before this Court was "substantially justified."

2. The Government's Dismissal Arguments

The plaintiff also contends that the arguments put forth in the defendant's motion for dismissal on lack of jurisdiction grounds were not "substantially justified," and thus, he is entitled to an award of attorney's fees for the work performed in connection to the proceedings conducted before this Court. Pl.'s Mem. at 6. Specifically, the plaintiff opines that the law is clear that this Court has jurisdiction over this case, and that the government's position to the contrary was unreasonable. Id. This argument also has no merit. In determining whether the position of the government in litigation was "substantially justified," courts in this Circuit have

analyzed, among other factors, whether the governing law is clear or whether the law is unsettled. Lundin v. Mecham, 980 F.2d 1450, 1459-60 (D.C. Cir. 1992) (holding that one of the government's positions was "substantially justified" given that at the time the action was being litigated the law was unsettled); Stone v. District of Columbia, 1988 WL 4239, at *6-7 (D.D.C. 1988) (asserting that its conclusion that the government's position was "substantially justified" was "based largely on the unsettled state of the law at the time of the suit.").

Here, although the Court denied the government's motion to dismiss for lack of jurisdiction, the government's position was reasonable. While the jurisdictional rule of the Little Tucker Act is well-settled, see, e.g., Kidwell v. Dep't of the Army, 56 F.3d 279, 284 (D.C. Cir. 1995); Vietnam Veterans of Am. v. Sec'y of the Navy, 843 F.2d 528, 535 (D.C. Cir. 1988), its application can vary greatly from case-to-case based on the facts of a given case. For example, two relatively recent cases, decided by other members of this Court, concluded that jurisdiction was proper in the Court of Federal Claims, not this Court. See Bublitz v. Brownlee, 309 F. Supp. 2d 1, 4-6 (D.D.C. 2004); Bliss v. England, 208 F. Supp. 2d 2, 5-8 (D.D.C. 2002). Thus, it is apparent, contrary to the plaintiff's suggestion otherwise, that the law is not as well settled as the plaintiff supposes. Moreover, the plaintiff's argument is quiet disingenuous. Although the plaintiff claims here that the government's position in its motion to dismiss was not "substantially justified," in an earlier motion submitted to this Court, the plaintiff noted that "[the Court's decision] clarifie[d] existing law or resolve[d] a potential conflict raised by another recent case, [Bublitz], rejecting jurisdiction to hear a military records correction suit with back pay implications . . . ." Plaintiff's Motion to Publish at 1-2. The plaintiff cannot now claim that the government's position was not reasonable. See, e.g., U.S. Trust Co. of New York v. Shapiro,

835 F.2d 1007, 1007-09 (2d Cir. 1987) (holding that defendant's concession in an earlier appeal that a plaintiff class was entitled to attorney's fees precluded defendant from taking a different position in a subsequent proceeding). Accordingly, the Court holds that the defendant acted reasonably when he moved to dismiss this case on lack of jurisdiction grounds and that his position was "substantially justified" within the meaning of the EAJA.

## IV. Conclusion

For the reasons set forth above, it is clear that the government's position in the litigation before this Court was "substantially justified" within the meaning of the EAJA. Despite this Court's earlier holding that the government had acted "arbitrarily and capriciously" at the agency level, the government's failure to address before this Court the plaintiff's argument that his NCOERs were improperly classified was reasonable and "substantially justified" since it was not entirely clear from the record that the plaintiff raised this argument at the agency level. Moreover, the government's decision to pursue a motion to dismiss for lack of jurisdiction was reasonable and "substantially justified" because this Court's jurisdiction under the Little Tucker Act is not as clear as the plaintiff represents. Accordingly, the Court denies the plaintiff's request for attorney's fees.

**SO ORDERED** on this 1st day of November, 2005.[5]

REGGIE B. WALTON
United States District Judge

[5] An Order consistent with the Court's ruling accompanies this Memorandum Opinion.