# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

_____
)
GONZALES CALLOWAY,                              )
)
          Plaintiff,                            )
)
          v.                                    )          Civil Action No. 04-239 (RBW)
)
FRANCIS HARVEY,                                 )
SECRETARY OF THE ARMY                           )
)
          Defendant.                            )
_____)

## MEMORANDUM OPINION

On September 18, 2006, the plaintiff filed an Amended Complaint in this matter under the Administrative Procedure Act ("APA"), 5 U.S.C. §§ 701-06 (2000), seeking judicial review of the Army Board for Correction of Military Records ("Army Board")[1] denial of his request to remove two Noncommissioned Officer Evaluation Reports ("Evaluation Report or Reports") from his personnel file.  Amended Complaint ("Am. Compl.") ¶ 59.  Specifically, the plaintiff asserts that the Army Board's denial of his request to remove his two Evaluation Reports for the periods August 1993 to January 1994 and February 1994 to November 1994 from his personnel file "violated the [APA] [because it amounts to] arbitrary and capricious agency action, unsupported by substantial evidence, and otherwise not in accordance with Army regulations." Am. Compl. at 1, 21.  According to the plaintiff, the two Evaluation Reports should have been

_____

[1]     The Army Board is composed of civilians appointed by the Secretary of the Army, and has statutory authority to "correct any [Army] record" in order "to correct an error remove an injustice."  10 U.S.C. §1552(a)(1) (2000).

removed from his personnel file because they did not properly reflect his work performance and affected his ability to get promoted.  Am. Compl. ¶¶ 1-35.  Currently before the Court are (1) the plaintiff's Motion to Supplement the Administrative Record ("Pl.'s Mot. to Supp."), (2) the defendant's Motion for Summary Judgment ("Def.'s Mot. for Summ. J."), and (3) the plaintiff's Cross Motion for Summary Judgment ("Pl.'s Cross-Mot.").[2]   For the reasons set forth below, (1) the plaintiff's Motion to Supplement the Administrative Record is denied, (2) the defendant's Motion for Summary Judgment granted, and (3) the plaintiff's Cross Motion for Summary Judgment is denied.

## I.  BACKGROUND

The underlying facts of this case were exhaustively discussed in this Court's prior Memorandum Opinion, Calloway v. Brownlee, 366 F. Supp. 2d 43, 47-49 (D.D.C. 2005), and will only briefly be reviewed here to the extent necessary to resolve the pending motions.

In 1974, the plaintiff enlisted in the United States Army as an active duty member.  Am. Compl. ¶ 1.  Initially, the plaintiff trained as an automated data specialist; however, in October 1983, he became an Army recruiting specialist.  Id.  Although the plaintiff received several awards and accolades concerning his job performance

---

[2]      The following papers were also submitted in connection with the plaintiff's Motion to Supplement the Administrative Record: (1) the Defendant's Opposition to Plaintiff's Motion to Supplement the Administrative Record ("Def.'s Opp'n"); and (2) the Plaintiff's Reply to Defendant's Opposition to Motion to Supplement the Administrative Record ("Pl.'s Reply").  The following papers were also filed in connection with the defendant's Motion for Summary Judgment: (1) the Plaintiff's Memorandum of Points and Authorities in Support of Cross-Motion for Summary Judgment and  Opposition to the Defendant's Motion for Summary Judgment ("Pl.'s Cross-Mot. and Opp'n"); (2) the Defendant's Opposition to Plaintiff's Cross-Motion for Summary Judgment and Reply to Plaintiff's Opposition to Defendant's Motion for Summary Judgment ("Def.'s Opp'n to Pl.'s Cross-Mot. and Reply to Pl.'s Opp'n"); and (3) the Plaintiff's Reply to Opposition to Cross-Motion for Summary Judgment ("Pl.'s Reply to Cross-Mot.").

throughout his career, he contends that once Captain Latham became his supervisor and performance evaluator, his scores or his Evaluation Reports began to decline.[3] Id. ¶¶ 9-17. For example, the plaintiff noted that Captain Latham awarded him only "two 'excellence' marks and three 'success ratings'" on his Evaluation Report for the period of August 1993 through August 1994,[4] despite having received five "excellence marks" in his prior Evaluation Report. Id. ¶ 17. Following the issuance of the 1994 Evaluation Report, the plaintiff was assigned to another battalion. Id. ¶ 30. The plaintiff opines that his 1994 Evaluation Report should have been classified as a "relief-for-cause" Evaluation Report,[5] which would have provided him the opportunity to receive formal counseling, time to react to the report, and an explanation of the reasons for his removal, because it formed the basis for his transfer to another battalion. Id. ¶ 29. Thus, according to the plaintiff, the Army failed to comply with its own regulations. Id. ¶¶ 18-29. In November 1994, the plaintiff was issued another Evaluation Report by his new supervisor. Id. According to the plaintiff, "'vast improvements'" resulted from his eleven months at his

---

[3]      The evaluation of noncommissioned officers is governed by Army Regulation ("Army Reg.") 623-205 ("Army Reg. 623-205") (Apr. 30, 1992), which establishes the noncommissioned officer evaluation reporting system. The regulation provides for the "preparation, processing, [and] submi[ssion]" of performance evaluation reports. Army Reg. 623-205 ¶¶ 1-5(a)(2). The information contained in these reports is one factor used as the basis for making personnel decisions. Id.

[4]      The 1994 Evaluation Report was classified as a "change-of-rater." Am. Compl. ¶ 16. A "change-of-rater" Evaluation Report occurs if either the rater or the noncommissioned officer is reassigned, released from active duty, or if the rater dies, is relieved, reduced, absent without leave, declared missing, or becomes incapacitated. Army Reg. 623-205 ¶¶ 2-8(a)(1)-(5).

[5]      A "relief-for-cause" Evaluation Report constitutes a removal of a noncommissioned officer from a rateable assignment based on a decision by a member of the noncommissioned officer's chain of command or supervisory chain that the noncommissioned officer's personal or professional characteristics, conduct, behavior, or performance of duty warrant removal in the best interest of the Army. Army Reg. 623-205 ¶¶ 2-10.

new duty with the Cherry Hills company.  Id. ¶ 31 (citing Memorandum in Support of Defendant's Motion to Dismiss, Transfer, Or, Alternatively, for Summary Judgment ("Def.'s June 10, 2005 Mem. to Dismiss"), Exhibit ("Ex.") 1, (Administrative Record ("A.R.")) vol. 1 at 25, 30-31).  Despite these results, the plaintiff was relieved of his duty assignment, allegedly based on the raters' statements that he was "not proficient in the duties," and for "weak[ness] in [his] basic skills and not [being] a team player."  Id. ¶¶ 33-34.  In addition, one rater attributed the company's improvements to "the hard work and dedication of the company commander and stations commanders."  Id. ¶ 34.  Again, the plaintiff contends that the Evaluation Report he was issued should have been a "relie[f]-for-cause" Evaluation Report. Id. ¶ 37.

The plaintiff filed an appeal with the Enlisted Special Review Board ("Review Board").  Id. ¶¶ 37(D), 39-40.  The Review Board denied the plaintiff's request to set aside his two Evaluation Reports from 1993-1994, id. ¶ 41, and only amended the ending date of the second Evaluation Report, shortening it from December to November 1994, Calloway, 366 F. Supp. 2d at 49 (citing ¶ 33 of the plaintiff's original complaint).   The plaintiff appealed the Review Board's denial to the Army Board, which also denied his request.  Am. Compl. ¶ 45.

On February 13, 2004, the plaintiff commenced this action challenging the Army Board's decision to deny his request to have the two contested Evaluation Reports "removed from his personnel file or otherwise corrected to reflect his true work performance."  Calloway, 366 F. Supp. 2d at 49. The defendant moved for dismissal of this action, or alternatively requested summary judgement, and the plaintiff filed a cross-motion for summary judgment.  Id.  The Court denied both government motions and

granted, in part, the plaintiff's cross-motion for summary judgement.  Id. at 53.

     The Court rendered its rulings for the following reasons.  First, this Court found, despite the defendant's argument to the contrary, that the Little Tucker Act, 28 U.S.C. § 1346 (2000), did not prevent this Court from exercising subject matter jurisdiction because the plaintiff was not seeking monetary relief in excess of $10,000.  Calloway, 366 F. Supp. 2d at 50-53. The defendant also asserted that it was entitled to summary judgment because the administrative record clearly showed that the agency carefully considered the claims advanced by the plaintiff, and thus, it did not violate the "arbitrary and capricious" standard of the APA, 5 U.S.C. § 706(2)(a).  Id. at 54.  The plaintiff, on the other hand, asserted, among other arguments, that the Army Board's actions were "arbitrary and capricious" because it failed to consider the plaintiff's claim that the two contested Evaluation Reports were improperly classified.  Id.  After a careful review of the administrative record and the papers submitted to it by the parties, this Court held that even though it was not "explicitly clear" that the plaintiff was contending that his Evaluation Reports were improperly classified, "there [was] some evidence in the record to suggest" that this argument had been raised.  Id. at 55. Moreover, because the plaintiff was proceeding pro se at the agency level, this Court took great pains to ensure that his rights were protected from "the consequences of technical errors."  Id.  Thus, because the improper classification argument had not been reviewed by the Army Board, the Court remanded the case to the Army Board to address this argument in the first instance and administratively closed the case.  Id. at 56.  The Court indicated that "[s]hould the plaintiff be dissatisfied with the Army's review of his matter, he simply needs to file a

notice with this Court requesting that this matter be reinstated."  Court Order at 2 n.1, Mar. 30, 2005.

On remand to the agency, the Army Board determined that "there is insufficient evidence to show the contested [Evaluation Reports] should have been relief-for-cause reports."  Plaintiff's Notice of Agency Decision on Remand; Motion for Leave to File Amended Complaint ("Notice of Agency Decision"), Attachment ("Attach.") (Record of Proceedings, Nov. 15, 2005) at 8; see also  Am. Compl. ¶ 53.  On July 24, 2006, the plaintiff advised the Court that he is "dissatisfied with the Army's review of his [agency] case, 'and request[ed] [that] the Court reinstate his civil action.'"  Notice of Agency Decision at 1 (footnote omitted).  In compliance with the Court's representation when it remanded this case for further agency review, on September 18, 2006, the Court reinstated this action and granted the plaintiff's Motion for Leave to File an Amended Complaint.

## II. LEGAL STANDARD

The Secretary's denial of the application to correct the plaintiff's military "records is a final agency action . . . review[able] under the Administrative Procedure Act."  Miller v. Lehman, 801 F.2d 492, 496 (D.C. Cir. 1986) (citation omitted); McDougall v. Widnall, 20 F. Supp. 2d 78, 82 (D.D.C.1998).  Judicial review of the final decision of the Army Board is limited to a determination of whether the board's decision "is arbitrary and capricious, contrary to law, or unsupported by substantial evidence." Frizelle v. Slater, 111 F.3d 172, 176 (D.C. Cir. 1997); see generally Piersall v. Winter, 435 F.3d 319, 321-25 (D.C. Cir. 2006).  And, the final decisions of boards empowered to correct military records are reviewable under "an unusually deferential application of the 'arbitrary and

capricious' standard." Musengo v. White, 286 F.3d 535, 538 (D.C. Cir. 2002) (quoting

Kreis v. Sec'y of Air Force, 866 F.2d 1508, 1514 (D.C. Cir. 1989); Cone v. Caldera, 223

F.3d 789, 793 (D.C. Cir. 2000).  Thus, "the scope of review under the 'arbitrary and

capricious standard is narrow and a court is not to substitute its judgment for that of the

agency." Motor Vehicle Mfrs. Ass'n v. State Farm Mut. Auto Ins. Co., 463 U.S. 29, 43

(1983).  Accordingly, a court "will not disturb the decision of an agency that has

'examine[d] the relevant data and articulate[d] a satisfactory explanation for its action

including a rational connection between the facts found and the choice made.'" MD

Pharm. Inc. v. Drug Enforcement Admin., 133 F.3d 8, 16 (D.C. Cir. 1998) (quoting

Motor Vehicle Mfrs. Ass'n, 463 U.S. at 43); see also Dickson v. Sec'y of Def., 68 F.3d

1396, 1404 (D.C. Cir. 1995) ("A reviewing court will uphold a decision of less than ideal

clarity if the agency's path may reasonably be discerned.") (internal quotations and

citation omitted); Smith v. Dalton, 927 F. Supp. 1, 5 (D.D.C. 1996) ("[I]f the record

contains such evidence that a reasonable mind might accept as adequate to support a

conclusion, the court must accept the Board's findings.").  Furthermore, a party seeking

review of a board decision bears the burden of overcoming "the strong but rebuttable

presumption that administrators of the military, like other public officers, discharge their

duties correctly, lawfully, and in good faith." Frizelle, 111 F.3d at 177 (internal

quotations and citation omitted); see also Cone, 223 F.3d at 793; Sanders v. United

States, 594 F.2d 804, 813 (Ct. Cl. 1979) ("Strong policies compel the court to allow the

widest possible latitude to the armed services in their administration of personnel

matters.").

Ordinarily, under the Federal Rules, summary judgment is appropriate when a court finds that "there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(c).  Yet, where the parties request "review of a final agency action under the Administrative Procedure Act, 5 U.S.C. § 706, . . . the standard set forth in Rule 56(c) does not apply because of the limited role of a court in reviewing the administrative record."  Sierra Club v. Mainella, 459 F. Supp. 2d 76, 89-90 (D.D.C. 2006).

> Under the APA, it is the role of the agency to resolve factual issues to arrive at a decision that is supported by the administrative record, whereas "the function of the district court is to determine whether or not as a matter of law the evidence in the administrative record permitted the agency to make the decision it did."

Id. (citations omitted).  Therefore, the Court can employ summary judgment to "decid[e], as a matter of law, whether the agency action is supported by the administrative record and otherwise consistent with the APA standard of review."  Id. at 90 (citing, among others, Bloch v. Powell, 227 F. Supp. 2d 25, 31 (D.D.C. 2002), aff'd, 348 F.3d 1060 (D.C. Cir. 2003)).

It must be emphasized that the Court's review is limited to the administrative record, which "includes all materials 'compiled' by the agency that were 'before the agency at the time the decision was made.'"  James Madison Ltd. v. Ludwig, 82 F.3d 1085, 1095 (D.C.Cir. 1996) (citations omitted); see also 5 U.S.C. § 706 (in reviewing an agency action under the APA "the court shall review the whole record or those parts of it cited by a party"); Citizens to Pres. Overton Park, Inc. v. Volpe, 401 U.S. 402, 420 (1971), abrogated on other grounds by Califano v. Sanders, 430 U.S. 99 (1977); Richards v. INS, 554 F.2d 1173, 1177 n. 28 (D.C. Cir. 1977); Natural Res. Def. Council, Inc. v.

<u>Train</u>, 519 F.2d 287, 291 (D.C. Cir. 1975); <u>Doyle v. England</u>, 193 F. Supp. 2d 202, 206

(D.D.C.2002).  It is therefore improper for a district court to review only a "partial and

truncated [administrative] record."  <u>Train</u>, 519 F.2d. at 291.  "The 'whole' administrative

record . . . consists of all documents and materials directly or indirectly considered by

agency decision-makers and includes evidence contrary to the agency's position."

<u>Stainback v. Winter</u>, 520 F. Supp. 2d 181, 185 (2007) (citation omitted); <u>see also</u>

<u>Universal Camera Corp. v. N.L.R.B.</u>, 340 U.S. 474, 487-88, 71 S.Ct. 456, 95 L.Ed. 456

(1951); <u>see</u>, <u>e.g.</u>, <u>Bar MK Ranches v. Yuetter</u>, 994 F.2d 735, 739 (10th Cir. 1993).

### III.  ANALYSIS

### A.  <u>Motion to Supplement the Administrative Record</u>

Before addressing the parties' cross-motions for summary judgment, the Court

must first address the plaintiff's Motion to Supplement the Administrative Record.  The

plaintiff requests that the Court supplement the administrative record with a declaration

provided by him and five declarations of former military members.  Pl.'s Mot. to Supp. at

1-2, 4.  The five declarations are from the following individuals: (1) Command Sergeant

Major ("CSM") Harold Blount; (2) CSM Lloyd McBride; (3) First Sergeant Terry Epps;

(4) Colonel David Sholly; and (5) Lieutenant Colonel Keith Donnelly.  <u>Id.</u> at 2.  The

plaintiff asserts that the administrative record should be supplemented also with his

declaration because it corrects a statement in the record which he made concerning his

January 1994 permanent change in duty station following the issuance of his first

Evaluation Report.  Pl.'s Mot. to Supp. at 1-2.  The plaintiff further alleges that the

administrative record should be supplemented with the five declarations because (1) "the

[Army Board] does not adequately explain why it failed to reconcile the provisions that

vary treatment of local reliefs-for-cause in ¶ 5-3, from involuntary reassignments in ¶ 5-13, [Army Reg.] 601-1," (2) "the [Army Board] failed to consider factors which are relevant to its final decision: the disclaimer in ¶ 5-3 expressly permitting local relief of recruiters who are not being involuntarily reassigned," and (3) "the declarations are relevant because the regulatory issues and purposes of recruiter retention are somewhat complex and are unique to the recruiting community." Id. at 4.  Accordingly, the plaintiff argues that the declarations will "enable the Court to determine the application and purpose of the provisions at issue within [Army Reg.] 601-1." Id.  In opposition, the defendant requests that the Court deny the plaintiff's motion to supplement the administrative record because "it is well settled that judicial review of agency action should be confined to the administrative record that was before the agency." Def.'s Opp'n at 1.  Further, the defendant contends that the "offered materials are irrelevant to the agency's final decision and do not meet any of the exceptions that permit supplementation of the Administrative Record." Id. at 3.  Moreover, the defendant asserts that "[i]f the Court determines that this evidence is relevant, the proper procedure is to submit this new opinion evidence to the Agency for its review." Id. at 6.

There is a "standard presumption that the [administrative] 'agency properly designated the Administrative Record,'" Amfac Resorts, L.L.C. v. Dep't of Interior, 143 F. Supp. 2d 7, 12 (D.D.C. 2001) (quoting Bar MK Ranches, 994 F.2d at 739), and "judicial review is ordinarily confined to the administrative record," id. at 11 (citations and internal quotation marks omitted).  Supplementation of the administrative record is the exception, not the rule.  Motor & Equip. Mfrs. Ass'n, Inc. v. EPA, 627 F.2d 1095, 1105 n.18 (D.C. Cir. 1979); Fund for Animals v. Williams, 391 F. Supp. 2d 191, 197

(D.D.C. 2005) ("Courts grant motions to supplement the administrative record only in exceptional cases.") (citations omitted).  "For a court to supplement the record, the moving party must rebut the presumption of administrative regularity and show that the documents to be included were before the agency decisionmaker." Pac. Shores Subdiv., Cal. Water Dist. v. U.S. Army Corps of Eng'rs, 448 F. Supp. 2d 1, 6 (D.D.C. 2006). "[T]o ensure fair review of an agency decision a reviewing court 'should have before it neither more nor less information than did the agency when it made its decision.' Id. at 5 (citing Fund for Animals, 391 F. Supp. 2d at 196 (quoting IMS, P.C. v. Alvarez, 129 F.3d 618, 623 (D.C. Cir. 1997)).  Therefore, absent clear evidence to the contrary, an agency is entitled to a presumption that it properly designated the administrative record. See Maritel, Inc. v. Collins, 422 F. Supp. 2d 188, 196 (D.D.C. 2006); see also Bar MK Ranches, 994 F.2d at 740 (stating that an administrative record is entitled to the same presumption of regularity as other administrative procedures).

       Here, although the plaintiff asserts that the five declarations "describe and explain material already in the record – official and established recruiting retention practices and internal policies, under [Army Regulation] 601," Pl.'s Mot. to Supp. at 2, upon review of the record, it is apparent that these declarations were not before the administrative agency.  Indeed, the plaintiff acknowledges that the declarations were not before the agency.  Pl.'s Reply at 2.  Nonetheless, the plaintiff states that he "is not asking the Court to take judicial notice of the practices contained in the declarations, but only that it consider them relevant material to determine if the agency overlooked relevant factors [that resulted in] an error in judgment." Id.  In this regard, he contends that

              [t]he declarations [are] necessary for two reasons: [(1)]
              after the [Army Board] itself in 2005 first raised the new

> issue that local reliefs-for-cause of recruiters cannot occur
> without involuntary assignment outside of [the United
> States Army Recruiting Command ("Recruiting
> Command"); and] . . . [(2)] because the [Army Board] was
> now offering a new position (in effect new evidence)
> without any explanation why it chose to radically depart
> from well-established recruiting practices.

Id.  In addition, the plaintiff indicates that the declarations will "enable the Court to

determine the application and purpose of the provisions at issue within [Army Reg.] 601-

1."  Pl.'s Mot. to Supp. at 4.  However, despite these arguments, the reality is that the

plaintiff has not rebutted the presumption that the Army Board's certifications regarding

the administrative record are entitled to a presumption of regularity and good faith.  FTC

v. Invention Submission Corp., 965 F.2d 1086, 1091 (D.C. Cir. 1992).  Once an agency

presents a certified copy of the complete administrative record to the court, the court

presumes that the record is properly designated.  See Ammex, Inc. v. United States, 62 F.

Supp. 2d 1148, 1156 (Ct. Int'l Trade 1999).  Therefore, supplementation is of the record

is not warranted.[6]

What it appears the plaintiff is actually requesting this Court to do is consider

evidence outside or in addition to the record that was before the agency.  A party can

establish that the administrative record is incomplete, and thus, extra-record evidence

should be reviewed by a court if, inter alia, "it is necessary to determine whether the

agency 'considered all the relevant factors.'"  Amfac Resorts, 143 F. Supp. 2d at 11

(quoting Envtl. Def. Fund, Inc. v. Costle, 657 F.2d 275, 285 (D.C. Cir. 1981).  Extra

---

[6]     Similarly, the plaintiff has proffered no evidence in support of his bare assertion that the
government's funding of his permanent change of station was relevant to the agency's final action,
see Pl.'s Mot. to Supp. at 1, and therefore the Court will not order supplement the record with the
plaintiff's declaration merely to include this allegation in the record.

record evidence consists of "evidence outside of or in addition to the administrative record that was not necessarily considered by the agency." Pac. Shores Subdiv., 448 F. Supp. 2d at 5.  "[F]or a court to review extra-record evidence, the moving party must prove applicable one of the eight recognized exceptions to the general prohibition against extra-record review." Id. at 6 (citing Fund for Animals, 391 F. Supp. 2d at 197-98 (citing Esch v. Yeutter, 876 F.2d 976, 991 (D.C. Cir. 1989) (identifying the eight exceptions)).[7] Underlying all of these exceptions is the assessment that "resort to extra-record information [is necessary] to enable judicial review to become effective." Esch, 876 F.2d at 991; see also Pac. Shores Subdiv., 448 F. Supp. 2d at 6.

    Here, the plaintiff has not demonstrated that any of the exceptions to the general prohibition against extra-record review are applicable.  Although the plaintiff requests that this Court consider the declarations as "relevant material to determine if the agency overlooked relevant factors [that resulted in] an error in judgment," Pl.'s Reply at 2, he has not demonstrated that matters outside the administrative record are warranted for several reasons.  First, the plaintiff asserts that "the [Army Board] does not adequately explain why it failed to reconcile the provisions that vary treatment of local relief-for-

---

[7]        In this Circuit, consideration of non-record evidence may be warranted in the following circumstances:

        (1) when agency action is not adequately explained in the record before the court;
        (2) when the agency failed to consider factors which are relevant to its final
        decision; (3) when an agency considered evidence which it failed to include in
        the record; (4) when a case is so complex that a court needs more evidence to
        enable it to understand the issues clearly; (5) in cases where evidence arising
        after the agency action shows whether the decision was correct or not; (6) in
        cases where agencies are sued for a failure to take action; (7) in cases arising
        under the National Environmental Policy Act; and (8) in cases where relief is at
        issue, especially at the preliminary injunction stage.

Esch, 876 F.2d at 991.

cause [reassignments] in ¶ 5-3, from involuntary reassignments in ¶ 5-13, [Army Reg.]

601-1."  Pl.'s Mot. to Supp. at 4.  However, on remand by this Court, the Army Board

specifically addresses the issue of whether the challenged Evaluation Reports were

"reliefs-for-cause" Evaluation Reports and concluded that they were not.  See Notice of

Agency Decision, Attach. at 7-8.  Second, the plaintiff has not shown that the extra-

record evidence is necessary because review of the submitted administrative record will

not be sufficient for effective judicial review.  To the contrary, the Court is satisfied that

it can render a decision based upon the administrative record before it.  As the plaintiff

acknowledges, the declarations offer nothing new to the record, but merely explain

"agency practices and internal policy guidelines."  Pl.'s Mot. to Supp. at 2.  The Court can

therefore discern no reason why any additional explanation concerning these issues is

needed.  Third, the declarations submitted to the Court were not offered to the Army

Board for its consideration, see Notice of Agency Decision, Attach. at 5, and the plaintiff

does not contend that he was precluded from doing so.  Therefore, this is not a situation

where the Army Board refused to consider the information contained in documents.

Finally, the declarations do not address matters that are so complex that without them the

Court is unable to understand the challenges being advanced by the plaintiff.  See Esch,

876 F.2d at 991 (one of the eight "exceptions countenancing use of extra-record

evidence" has applicability "when a case is so complex that a court needs more evidence

to enable it to understand the issue clearly").  Indeed, the Court regularly addresses

disputes over supplementation in cases brought under the APA, as well as reviews federal

agency employment decisions challenged by former employees.  The Court is satisfied

with the explanations concerning the agency practices and internal policy guidelines

contained in the existing administrative record, and does not find the issues in this case to

be so complex that it cannot render an informed decision on the merits of this case

exclusive of the proffered extra-record evidence.  Accordingly, the Court finds the

administrative record adequate for effective judicial review without resort to extra-record

evidence that was not before the Army Board.  Therefore, the plaintiff' Motion to

Supplement the Administrative Record must be denied.

> **B.  <u>Motions for Summary Judgment</u>**

Both parties have moved for summary judgment.  The defendant asserts that

"[t]he [Army Board] did not act arbitrarily, capriciously, abuse its discretion or act

contrary to law or regulation in denying relief to the plaintiff on remand from this Court,"

Def.'s Mot. for Summ. J. at 3, in part "because the [Army Board] carefully considered

[the] plaintiff's claims that the contested [Evaluation Reports] were in fact relief-for-

cause [Evaluation Reports] before denying [the] plaintiff the relief he requested," <u>id.</u> at

12.  In opposition, the plaintiff responds that "the [Army Board]'s 2005 decision on

remand rests on a fundamental mistake that misinterpreted Army and [Recruiting

Command] regulatory provisions, and ignored established recruiting practices concerning

the relief-for-cause of recruiters."  Pl.'s Cross-Mot. and Opp'n at 3.  Specifically, the

plaintiff asserts that "the [Army Board] confused the unique [Recruiting Command]

process called 'involuntary reassignment from recruiting duties' as the same as the

standard 'relief-for-cause' process applicable Army-wide to every soldier."  <u>Id.</u> at 7.  The

plaintiff also asserts that the Army Board did not "obtain an advisory opinion from the

expert agency officials within [the Recruiting Command] on enlisted assignments to

interpret these provisions and practices unique to the specialized recruiting community."

Id. at 3.   For the reasons set forth below, the Court finds that the defendant did not act arbitrarily, capriciously, abuse its discretion or act contrary to law or regulation in denying relief to the plaintiff on remand from this Court.

Following this Court's remand, the Army Board determined that the record evidence shows that the plaintiff's "battalion commander initiated action to relieve him from duty."[8]   Notice of Agency Decision, Attach. at 8.  And, it found that "although [the plaintiff] performed duties as a First Sergeant, he was a recruiter."  Id.  Therefore, "U.S. Army and Recruiting Command policies and procedure" applied, and pursuant to "the governing regulation . . . the authority to approve involuntary reassignments from recruiting duty is delegated no lower than the brigade level."  Id.  Thus, only the plaintiff's brigade commander had authority to involuntarily relieve the plaintiff from recruiting duty.  Id.  However, it was the plaintiff's "battalion commander [that] initiated action to relieve [the plaintiff] from [recruiting] duty" for cause, and the Army Board determined that the evidence demonstrated that "the [plaintiff's] brigade commander did not approve his involuntary removal (i.e., relief for cause) from recruiting duty."  Id.  The Army Board further found the record evidence shows that the plaintiff was not relieved for cause from recruiting duty because he "continued to perform recruiting duties,

---

[8]        The Army Board relied upon the evidence previously presented to it in evaluating the plaintiff's contention that the contested Evaluation Reports were in fact relief-for-cause Evaluation Reports and thus issued in violation of Army Regulation 623-205.  The Army Board noted that the burden of proof in an appeal of an Evaluation Report rests with the solder initiating the appeal.   Notice of Agency Decision, Attach. at 6.  The Army Board also noted that an Evaluation Report is "presumed to be administratively correct . . . and to represent the considered opinion and objective judgment of the rating officials at the time of preparation."  Id.  Thus, "to justify the deletion or amendment of an Evaluation Report under the regulation, the applicant must produce evidence that clearly and convincingly overcomes the presumption . . . and that action to correct an apparent material error or inaccuracy is warranted."  Id. at 6-7.

including follow-on assignments as a First Sergeant, until he retired."  Id.  The Army

Board therefore concluded that "there is insufficient evidence to show the contested

[Evaluation Reports] should have been relief-for-cause reports."  Id.

      The Court agrees with the defendant's position that the Army Board conclusion is

not arbitrary, capricious, or contrary to law.  "[T]his [C]ourt is obliged to give

considerable deference to the [Army Board's] interpretation of its own regulation,

according it controlling weight unless it is plainly erroneous or inconsistent with the

regulation," Exxon Corp. v. FERC, 114 F.3d 1252, 1258 (D.C. Cir. 1997) (quoting Trans

Canada Pipelines, Ltd. v. FERC, 878 F.2d 401, 411 (D.C.Cir. 1989), and in so doing, the

Court finds that the plaintiff has not established for the following reasons that the Army

Board's interpretation of its own regulation was arbitrary, capricious, or contrary to law.

      First, the Court does not find that the Secretary's decision was deficient.

"Adjudication of [the plaintiff's] claims requires [this] [C]ourt to determine only whether

the Secretary's decision making process was deficient, not whether his decision was

correct."  Kreis, 866 F.2d at 1512; see also Motor Vehicle Mfrs. Ass'n., 463 U.S. at 43

("the scope of review under the 'arbitrary and capricious' standard is narrow and a court is

not to substitute its judgment for that of the agency . . ."); Mudd v. Caldera, 134

F.Supp.2d 138, 141 (D.D.C. 2001) (emphasizing court's "limited role" and the "deference

it owed" when reviewing similar decision by Secretary of Army under the APA);

McDougall v. Widnall, 20 F. Supp. 2d 78, 82 (D.D.C. 1998) (decision by Air Force

Board for Correction of Military Records entitled to "great deference"); Wales v. United

States, 14 Cl. Ct. 580, 587 (Cl. Ct. 1988) (review of Army Board for Correction of

Military Records "is limited to determining whether the decision was arbitrary,

capricious, or in bad faith, or unsupported by substantial evidence, or contrary to law, regulations, or mandatory published procedure of a substantive nature by which plaintiff has been seriously prejudiced.").  The conclusion of the Army Board is based on a reasoned analysis that took into account all relevant regulations. <u>See</u> Notice of Agency Decision, Attach. At 6-7.  As the Army Board noted, Army Regulation 601-1 ¶¶ 5-12 (addressing the assignment of enlisted personnel to the U.S. Army recruiting command), provides that "recruiters who are involuntarily released for cause, ineffective, or unsuitab[ility] and are formally relieved from recruiting duty will be evaluated [in accordance with] paragraph 2-10 [of Army Regulation 623-205]. <u>Id.</u>, Attach. ¶ 14.  And, the Army Board noted that Army Regulation paragraphs 5-9 of 601-1 further provides that "the authority to approve involuntary reassignments from recruiting duty is delegated to the Commander, Recruiting Support Command and each recruiting brigade commander or acting commander." <u>Id.</u>  The Army Board's conclusion that revised Evaluation Reports were unnecessary or that the plaintiff was wrongfully denied a promotion, <u>id.</u> at 8-9, is supported by the administrative record which demonstrates that while the plaintiff's senior rater (his battalion commander) began the process of relieving him for cause, the brigade commander (the battalion commander's superior) prevented him from completing the relief-for-cause process, Def.'s June 10, 2005 Mot. to Dismiss, Ex. 1, (A.R.) vol. 1 at 28; <u>see also</u> Notice of Agency Decision, Attach. at 8.

Second, although the plaintiff asserts that his reassignment was a relief-for-cause, the Army Board's conclusion to the contrary is supported by the Army Regulation that pertains to sergeant majors and master sergeant's (the plaintiff's rank during the times relevant to this litigation), which provides that a normal "[t]our length in the same

recruiting battalion, brigade, or in [the Headquarter Recruiting Command] is 3 years,"

with a "maximum time in the same unit (company/battalion/brigade) is 4 years."  Army

Reg. 601-1 § 3-5j(2).  The Regulation further states that noncommissioned officers at

these ranks "are eligible to be moved between the 2d and 4th year based upon the needs

of the command."  Id. at § 3-5d.  A review of the plaintiff's Evaluation Reports shows

that he was transferred near the completion of his second year as a first sergeant while on

assignment in Norfolk, Virginia, to an identical first sergeant position in Philadelphia,

Pennsylvania.  Def.'s June 10, 2005 Mot. to Dismiss, Ex. 5, (A.R.) vol. 5 at 164-71, 176-

79.  Thus, the plaintiff's transfer was in full compliance with Regulation 601-1, and the

Army Board's conclusion that the plaintiff's reassignment was not a relief-for-cause

transfer cannot be disturbed by this Court.

Finally, the Army Board's decision is supported by the administrative record

which demonstrates that the rater and senior rater for each Evaluation Report believed

that their ratings were fair and accurate evaluations of the plaintiff's performance during

the respective rating periods, including, giving the plaintiff credit in those areas they

determined were his strengths.  Def.'s June 10, 2005 Mot. to Dismiss, Ex. 1 (A.R.) vol. 1

at 25-29.  The plaintiff has not demonstrated that the Army Board, in relying upon the

evidence before it, acted arbitrarily, capriciously, or contrary to law.

In summary, the Court finds that there is no basis to disturb the Army Board's

determinations (1) that the challenged Evaluation Reports were not relief-for-cause

reports and were not issued in violation of the applicable Army Regulations and (2) that

the denial of the plaintiff's request for removal or expungement of the challenged

Evaluation Reports from his records was not arbitrary or capricious, denied in bad faith,

unsupported by substantial evidence, or contrary to law.  There being no genuine issue of

material fact as to these two findings,  the defendant is entitled to summary judgment and

the plaintiff's motion for summary judgment must therefore be denied.

### III.  CONCLUSION

For the reasons set forth above, the plaintiff's Motion to Supplement the

Administrative Record must be denied, the defendant's Motion for Summary Judgment

must be granted, and the plaintiff's Cross-Motion for Summary Judgment must be

denied.[9]

**SO ORDERED** this 4th day of December, 2008.

```
_____/s/_____
```
REGGIE B. WALTON
United States District Judge

---

[9]    An order consistent with the Court's rulings in this Memorandum Opinion was issued on
September 28, 2007.